NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-5133

THE STATE EX REL. HOGAN LOVELLS U.S., L.L.P., ET AL., *v.* DEPARTMENT OF REHABILITATION AND CORRECTION.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Hogan Lovells U.S., L.L.P. v. Dept. of Rehab. & Corr.,* Slip Opinion No. 2018-Ohio-5133.]

*Mandamus—Public-records law—Confidentiality of records that identify or could reasonably lead to the identification of any person participating in any of several activities related to drugs for lethal injections under R.C. 2949.221—Writ granted in part and denied in part—Attorney fees and court costs awarded.*

(No. 2016-1776—Submitted April 10, 2018—Decided December 21, 2018.)

IN MANDAMUS.

_____

**KENNEDY, J.**

{¶ 1} In this original action, relators, Elizabeth A. Och and Hogan Lovells U.S., L.L.P. (collectively, "Hogan Lovells"), seek a writ of mandamus to compel

respondent, Ohio Department of Rehabilitation & Correction ("DRC"), to release records related to DRC's acquisition and supply of lethal-injection drugs. We grant the request for a writ of mandamus in part and deny it in part.

**Background**

{¶ 2} Hogan Lovells U.S., L.L.P., which employs Elizabeth Och, is an international law firm. On March 7, 2016, Hogan Lovells sent correspondence to DRC's public-information e-mail address requesting "copies of public records held by [DRC] relating to current supplies of drugs intended or considered for use in lethal injection executions." The letter detailed 15 specific categories of requested records.

{¶ 3} On March 25, 2016, DRC acknowledged receipt of Hogan Lovells's request. Hogan Lovells alleges it followed up with DRC twice in August, after having heard nothing since DRC's initial acknowledgement in March. DRC admits that it received Och's first follow-up e-mail, but "cannot confirm or deny" that it received a second e-mail in August.

{¶ 4} On December 1, 2016, Hogan Lovells filed this original action for a writ of mandamus to compel DRC to release the requested records. Nearly a month later, on December 29, 2016, DRC produced some responsive records but refused to produce several others, claiming an exemption under R.C. 2949.221(B)(1), which prohibits the disclosure of information or records that identify or could reasonably lead to the identification of any person participating in any of several activities related to drugs for lethal injections, including the manufacturing, distribution, or supply of lethal-injection drugs.

{¶ 5} On January 13, 2017, DRC provided a supplemental response and additional records but continued to refuse to produce certain responsive records based on the R.C. 2949.221(B)(1) exemption.

{¶ 6} Attempts at court-sponsored mediation were unsuccessful. On May 31, 2017, we denied DRC's motion to dismiss and granted Hogan Lovells an

alternative writ. 149 Ohio St.3d 1416, 2017-Ohio-4038, 75 N.E.3d 234. On June 20, 2017, the parties submitted evidence. On August 3, 2017, DRC filed a motion to strike incorrect statements contained in an affidavit included in its evidence submission. DRC also filed a notice of supplemental authority consisting of a federal magistrate's September 20, 2017 decision denying a request for the production of photographs in *In re Ohio Execution Protocol Litigation*, S.D. Ohio No. 2:11-cv-1016. On December 29, 2017, we sua sponte ordered DRC to file under seal for in camera inspection the documents it asserts are protected under R.C. 2949.221. 151 Ohio St.3d 1480, 2017-Ohio-9291, 88 N.E.3d 962. DRC complied with the court's order on January 8, 2018.

*Documents filed under seal*

{¶ 7} The sealed documents include four pages of unredacted documents that DRC sent to Hogan Lovells with redactions as part of DRC's first production of records in December 2016. The redacted versions omitted DRC employee-identification numbers and the names of persons copied on DRC internal correspondence regarding execution-team training.

{¶ 8} The remaining sealed documents have not been disclosed to Hogan Lovells and fall into two categories: (1) records corresponding to entries in DRC's Exhibit 7, a September 23, 2015 "log of privileged communications," and (2) records corresponding to entries in DRC's Exhibit 8, a December 7, 2016 "privilege log of withheld records."

{¶ 9} The sealed records identified in the Exhibit 7 log are written requests for confidentiality in accordance with R.C. 2949.221(D) from six entities and DRC's responses to those requests.

{¶ 10} The sealed records identified in the Exhibit 8 log include e-mail correspondence, purchase orders, packing slips, invoices, inventories, and requisition forms related to DRC's purchase of execution drugs between July 8, 2016, and December 1, 2016.

## Legal Analysis

*DRC's motion*

**{¶ 11}** DRC filed an unopposed motion to strike incorrect statements contained in an affidavit that it had submitted as evidence. DRC states that paragraph 8 of Lauren Chalupa's original affidavit inaccurately states that DRC did not withhold or redact any responsive records in its possession before March 7, 2016, the date of Hogan Lovells's request. In fact, "[p]artial redactions were applied to two records provided in response to Relators' [15th category of requested records], which were records in [DRC's] possession prior to March 7, 2016." We grant DRC's request to strike Chalupa's original affidavit and replace it with the corrected affidavit attached to its motion.

*Mandamus and the Public Records Act*

**{¶ 12}** Mandamus is an appropriate remedy to compel compliance with Ohio's Public Records Act. *See* R.C. 149.43(C)(1)(b). We have consistently held that the Public Records Act " 'is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records.' " *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, ¶ 7, quoting *State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374, 376, 662 N.E.2d 334 (1996). To that end, the party withholding records on the basis of an alleged exception to disclosure bears the burden of showing that the records fall within the exception. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, ¶ 10. And a "custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception." *Id.*

*R.C. 2949.221: Confidentiality statute for persons participating in activities concerning lethal-injection drugs*

**{¶ 13}** R.C. 2949.221(B)(1) provides that with respect to records that would identify any person participating in any of several activities related to drugs for

lethal injections, including the manufacturing, distribution, or supply of lethal-injection drugs,

> [t]he information or record shall be classified as confidential, is privileged under law, and is not subject to disclosure by any person, state agency, governmental entity, board, or commission or any political subdivision as a public record under section 149.43 of the Revised Code or otherwise.

Division (D) of that statute further states:

> The protections and limitations specified in divisions (B)(1), (2), and (3) of this section regarding information and records that identify or may reasonably lead to the identification of a person described in divisions (B) or (C) of this section and the person's participation in any activity described in the particular division are rights that shall be recognized as follows:
>
> (1) With respect to a person that is an individual, without any requirement for the person to take any action or specifically apply for recognition of such rights.
>
> (2) With respect to a person that is not an individual, the rights do not exist unless the person requests to have the rights recognized by applying in writing to the director of rehabilitation and correction.

Accordingly, DRC must withhold information or records that "identify or may reasonably lead to the identification" of an entity participating in any of several activities related to drugs for lethal injections, including a drug manufacturer,

compounder, distributor, or supplier, if that entity ("person that is not an individual") applies in writing to the director of DRC.

*The parties' arguments*

{¶ 14} Hogan Lovells contends that DRC failed to satisfy its duty to provide access to all of the requested records in six categories of the March 7, 2016 records request.

{¶ 15} DRC counters that it has fully responded to Hogan Lovells's request, which renders the mandamus action moot. First, DRC maintains that in its December 29, 2016 and January 13, 2017 responses, it provided all records in its possession as of March 7, 2016, that were responsive to Hogan Lovells's 15 discrete categories of requested records. DRC avers that its December response included only two partially redacted records. DRC further states that any other document or record redacted or referred to as withheld in its December 2016 or January 2017 response was created or came into DRC's possession after March 7, 2016. Therefore, DRC argues, these additional records were provided as a courtesy.

*Correspondence*

{¶ 16} In its fourth and fifth categories of requested records, Hogan Lovells sought "[a]ny and all documents or correspondence * * * relating to attempts by [DRC] to acquire compounded or manufactur[ed] execution drugs" and "[a]ny and all documents or correspondence * * * between January 2015 and the present from or with manufacturers or compounders of medicines intended for use in lethal injection executions."

{¶ 17} The evidence establishes that DRC produced some records responsive to these categories of the request. In particular, DRC provided unredacted copies of e-mails from a representative of Akorn Pharmaceuticals regarding Ohio's request for the drug Nembutal. DRC also provided an unredacted copy of correspondence from Pfizer, Inc., to DRC Director Gary Mohr indicating

6

its policy not to sell seven Pfizer products that can be used in lethal injection to any correctional facility or other affiliated organization.

**{¶ 18}** DRC's privileged-communications log, which it filed in this case as Exhibit 7, identifies five letters that Mohr received from persons or entities requesting confidentiality under R.C. 2949.221(B). Exhibit 7 also identifies Mohr's responses to those entities. The actual letters are included in DRC's sealed-evidence submission.

**{¶ 19}** All the letters identified in the Exhibit 7 log are dated between July and September 2015 and therefore are responsive to Hogan Lovells's fifth category of requested records. Despite the fact that DRC cited R.C. 2949.221 as the reason for withholding responsive records in its December and January productions of records, in its filings with this court DRC strenuously argues that it did not redact or withhold responsive documents pursuant to R.C. 2949.221. But the sealed evidence demonstrates that DRC did in fact withhold responsive documents it had created or received between January 2015 and March 7, 2016.

**{¶ 20}** Regardless, DRC argues that the correspondence identified in the Exhibit 7 log is exempt from disclosure under R.C. 2949.221(B). Under R.C. 2949.221(D)(2), a "person that is not an individual" does not possess the confidentiality rights protected by division (B) of the statute unless it requests in writing that DRC recognize them. Five of the letters included in DRC's sealed documents are such requests for confidentiality. These records are exempt from disclosure to the extent that their release would reveal the identities of the protected entities or would reasonably lead to their identification. R.C. 2949.221(B). DRC argues that the identities of the protected entities are inextricably intertwined with the remainder of the information in those records, such that the entire record should be exempt from disclosure. In opposition to DRC's argument, Hogan Lovells asserts that the "Public Records Act requires a public office to redact exempt information from a record rather than withhold the entire record."

**{¶ 21}** As Hogan Lovells notes, the Public Records Act provides that "[i]f a public record contains information that is exempt from the duty to permit public inspection or to copy the public record, the public office * * * shall make available *all of the information within the public record that is not exempt*." (Emphasis added.) R.C. 149.43(B)(1). And R.C. 2949.221 does not specify that a written request for confidentiality itself be exempted from disclosure; rather, the plain language of that statute protects information or records that identify or may reasonably lead to the identification of the entities requesting confidentiality and their participation in the lethal-injection-drug-related activities described in the statute.

**{¶ 22}** Upon review of the sealed correspondence identified in Exhibit 7, we find that there is information contained within the correspondence that is not entitled to protection under R.C. 2949.221; therefore, that information must be disclosed pursuant to R.C. 149.43(B)(1).

**{¶ 23}** Alternatively, DRC argues that the letters are exempt from disclosure because they are subject to a protective order issued in *In re Ohio Execution Protocol Litigation*, S.D.Ohio No. 2:11-cv-1016, 2015 WL 6446093 (Oct. 26, 2015). But the existence of a protective order does not mean that the sealed records identified in Exhibit 7 are necessarily exempt from disclosure in this case. The district court specifically ordered that

> any information or record in Defendants' possession, custody, or control that identifies or reasonably would lead to the identification of any person or entity who participates in the acquisition or use of the specific drugs, compounded or not, that Ohio indicates in its execution protocol it will use or will

8

> potentially seek to use to carry out executions is protected and *not subject to discovery*.

(Emphasis added.) *Id.* at *9. This order only exempts the correspondence identified in Exhibit 7 from discovery in that case, in which Hogan Lovells was neither a party nor counsel for any of the litigants. Therefore, the order does not dictate the result in this case, in which the issue is whether these records must be disclosed under Ohio's Public Records Act.

{¶ 24} For these reasons, we grant the requested writ in part with regard to the correspondence identified in Exhibit 7. We order DRC to produce the first, second, fourth, and fifth letters and all of the response letters from DRC Director Mohr, with the protected information redacted. In this context, the protected information is the names, contact information, signatures, and seals and any other information in the letters that identifies or could reasonably lead to the identification of an entity protected under R.C. 2949.221. We further order that DRC has no duty to produce the third letter included in Exhibit 7, because it contains identifying information that is inextricably intertwined with the remainder of the information in that record. Therefore, the third letter in Exhibit 7 is exempt from disclosure in its entirety.

*Other records related to lethal-injection drugs*

{¶ 25} Hogan Lovells's third category of records requested was "[d]ocuments or records in any form * * * containing any of the following: the name of the drug, manufacturer/compounder, concentration, expiration date(s) and/or lot numbers of any and all drugs intended or considered for use in executions currently in" DRC's possession. Its seventh category of records requested was "[c]hain of custody documents relating to any drug intended or considered for use in lethal injection executions from January 1, 2015 to the present." In its eighth category of records requested, Hogan Lovells sought

> [a]ny and all correspondence * * * from January 2015 to present between [DRC] and any other person or entity regarding the following substances (whether compounded or manufactured): thiopental sodium, sodium thiopental, pancuronium bromide, potassium chloride, pentobarbital, pentobarbital sodium, phenobarbital, nembutal, nembutal sodium, rocuronium bromide, midazolam, hydromorphone, brevital, diazepam, amobarbital, secobarbital, or any other chemical or substance considered or intended for the purpose of anything relating to lethal injections by [DRC].

And Hogan Lovells's ninth category of records requested sought "[a]ny and all documents relating to efforts to source ingredients for compounded lethal injection drugs, including but not limited to purchase orders, receipts, invoices, between January 1[,] 2015 and the present."

{¶ 26} DRC provided some documents in response to these requests. In January 2017, DRC informed Hogan Lovells that the unredacted records that it had provided in response to the first category of records requested (perpetual inventory logs and closing inventory of controlled substances) were also responsive to the seventh and eighth categories of requested records. Moreover, the Akorn Pharmaceutical and Pfizer e-mails DRC provided in response to the fourth and fifth categories of requested records also could be considered responsive to the eighth category of the request.

{¶ 27} However, DRC produced no records in response to the third category and very few documents in response to the ninth category. In its January 2017

10

supplemental response, DRC provided some additional documents with respect to the ninth category but also continued to deny several categories of Hogan Lovells's request based on the R.C. 2949.221(B)(1) exemption.

{¶ 28} DRC also submitted under seal the confidential documents identified in the Exhibit 8 log. As described above, these documents include packing slips, purchase orders, invoices, inventories, and requisition forms for certain lethal-injection drugs.

{¶ 29} Therefore, at first blush it appears that the majority of sealed records identified in Exhibit 8 are responsive to Hogan Lovells's third and ninth categories of records requested. However, that is only true if DRC created or received the documents prior to March 7, 2016, the date of the request. *See State ex rel. Taxpayers Coalition v. Lakewood*, 86 Ohio St.3d 385, 392, 715 N.E.2d 179 (1999) (holding that respondent "had no duty to provide access to records * * * [that] did not exist at the time of relators' requests"); *see also State ex rel. Scanlon v. Deters*, 45 Ohio St.3d 376, 378-379, 544 N.E.2d 680 (1989), *overruled on other grounds* (finding that R.C. 149.43 does not impose a duty to supplement a response with "after-acquired information"). In fact, all of the documents identified in Exhibit 8 are dated after March 7, 2016, so they do not fall within the reach of the request.

{¶ 30} We hold that the sealed records identified in Exhibit 8 fall outside the parameters of the March 7, 2016 request. Accordingly, we deny the writ with regard to these records.

*Timeliness of response*

{¶ 31} DRC did not produce any responsive records until December 29, 2016, nearly ten months after receiving Hogan Lovells's request. DRC alleges that its failure to respond in a timely manner to the request was inadvertent and unintentional. Hogan Lovells argues that DRC's belated effort to comply with the request "cannot excuse its original malfeasance." According to Hogan Lovells, it is therefore entitled to all responsive records in DRC's possession at the time of its

response and to statutory damages and attorney fees. The primary duty of an agency when responding to a public-records request is set out in R.C. 149.43(B)(1) as follows:

> Upon request and subject to division (B)(8) of this section, all public records responsive to the request shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. * * * [U]pon request, a public office or person responsible for public records shall make copies of the requested public record available at cost and within a reasonable period of time.

Because Hogan Lovells requested copies of the records, DRC had a duty to provide copies within a reasonable period of time. *State ex rel. Consumer News Serv., Inc. v. Worthington City Bd. of Edn.*, 97 Ohio St.3d 58, 2002-Ohio-5311, 776 N.E.2d 82, ¶ 37.

{¶ 32} Whether DRC complied with its statutory duty to timely respond to Hogan Lovells's request "depends upon all of the pertinent facts and circumstances." *State ex rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 10 (governor's delay in responding to request for voluminous e-mail messages was not unreasonable). We recently acknowledged that while a delay as short as six days can be unreasonable, the determination turns on the specific facts in each case. *State ex rel. Cincinnati Enquirer v. Pike Cty. Coroner's Office*, 153 Ohio St.3d 63, 2017-Ohio-8988, 101 N.E.3d 396, ¶ 59.

{¶ 33} To be sure, DRC's nearly ten-month delay in responding to the public-records request in this case is difficult to defend. This is especially true

because after acknowledging the request, DRC did not communicate again with Hogan Lovells until December 29, 2016, nearly a month after Hogan Lovells filed this original action. Notwithstanding its delay, DRC was arguably justified in denying some of the requested records based on the R.C. 2949.221 exemption, which this court has not previously addressed. Yet, in the end, DRC has not offered any explanation other than inadvertence for why it failed to respond for nearly ten months to Hogan Lovells's broad but not ambiguous request.

{¶ 34} But even so, this delay does not entitle Hogan Lovells to all the relief it seeks, which includes an order compelling DRC to provide the requested records in its possession as of December 2016. A person aggrieved by the failure of a public office to comply with the Public Records Act may be entitled to an award of (1) court costs, (2) reasonable attorney fees, and (3) statutory damages. R.C. 149.43(C)(1)(b). The statute in no way provides a remedy expanding the scope of the records request or compelling a public office to produce exempt records.

{¶ 35} Nor has Hogan Lovells made a persuasive case for an award of statutory damages pursuant to R.C. 149.43(C)(2). Under the version of the statute in effect when Hogan Lovells instituted its request,[1] statutory damages are only available to a requester who proves by clear and convincing evidence that a written request for records was delivered to the relevant office by hand delivery or certified mail. R.C. 149.43(C)(2); *State ex rel. Pietrangelo v. Avon Lake*, 149 Ohio St.3d 273, 2016-Ohio-5725, 74 N.E.3d 419, ¶ 27; *State ex rel. Mahajan v. State Med. Bd. of Ohio*, 127 Ohio St.3d 497, 2010-Ohio-5995, 940 N.E.2d 1280, ¶ 59. Here, Hogan Lovells served its public-records request by e-mail. Therefore, Hogan Lovells failed to produce evidence that would support an award of statutory damages. *State ex rel. Data Trace Information Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 131 Ohio St.3d 255, 2012-Ohio-753, 963 N.E.2d 1288, ¶ 70.

---

[1] R.C. 149.43(C)(2) has been amended, effective November 2, 2018, and now allows delivery of a public-records request by "electronic submission" to qualify for statutory damages.

**{¶ 36}** Hogan Lovells also seeks an award of attorney fees. Hogan Lovells contends that it made a proper request, the requested records were not promptly turned over in response, and it waited nine months before it filed this mandamus action to compel the records' release. Hogan Lovells further asserts that its request "serves to define the scope of the public's right to records shedding light on the State of Ohio's lethal injection procedures."

**{¶ 37}** The parties argue over which version of R.C. 149.43(C) applies here. Hogan Lovells contends that the version of R.C. 149.43(C) in effect at the time of the request (March 7, 2016) governs. DRC, on the other hand, argues that the version in effect at the time it responded substantively to Hogan Lovells's request on December 29, 2016, (the same version in effect when Hogan Lovells filed this original action on December 1, 2016) applies.

**{¶ 38}** The version in effect in March 2016, as amended by 2015 Am.Sub.H.B. No. 64 ("H.B. 64"), allowed for either a mandatory or discretionary award of attorney fees depending on the circumstances—it stated that "[t]he court *shall* award reasonable attorney's fees, subject to reduction as described in division (C)(2)(c) of this section when * * * [t]he public office or the person responsible for the public records failed to respond affirmatively or negatively to the public records request in accordance with the time allowed under division (B) of this section." R.C. 149.43(C)(2)(b)(i). (Emphasis added.) However, as of the September 28, 2016 effective date of 2016 Sub.S.B. No. 321 ("S.B. 321"), the amended version of R.C. 149.43 allows only for a discretionary award of attorney fees.

**{¶ 39}** With over 18 different versions of R.C. 149.43 enacted in the last decade, it's somewhat remarkable that we have not yet directly faced the question of what determines which version of R.C. 149.43 applies in a given case. We signaled an answer in *State ex rel. Cincinnati Enquirer v. Pike Cty. Coroner's Office*, 153 Ohio St.3d 63, 2017-Ohio-8988, 101 N.E.3d 396, in which this court wrote, "Under former R.C. 149.43(C)(1) (*in effect at the time the newspapers made*

*the public-records requests at issue in this case*), we may award statutory damages if a public record has not been provided promptly." (Emphasis added.) *Id.* at ¶ 58. The court intimated that the date of the record request determines which statute applies. But even though the court referenced the request date in *Pike Cty.*, the precise question we face here was not before the court in that case; furthermore, the same version of R.C. 149.43(C)(1) was in place when the relators made their requests and filed their complaint and when the public office responded in that case.

{¶ 40} DRC bases its argument on its interpretation of R.C. 1.58, which concerns the effect of reenactment, amendment, or repeal of a statute. That statute reads:

> (A) The reenactment, amendment, or repeal of a statute does not * * *:
>
> (1) Affect the prior operation of the statute or any prior action taken thereunder;
>
> (2) Affect any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder;
>
> (3) Affect any violation thereof or penalty, forfeiture, or punishment incurred in respect thereto, prior to the amendment or repeal;
>
> (4) Affect any investigation, proceeding, or remedy in respect of any such privilege, obligation, liability, penalty, forfeiture, or punishment; and the investigation, proceeding, or remedy may be instituted, continued, or enforced, and the penalty, forfeiture, or punishment imposed, as if the statute had not been repealed or amended.

R.C. 1.58.

{¶ 41} Applying R.C. 1.58(A)(2), the amendment of R.C. 149.43 did not "[a]ffect any * * * obligation * * * previously * * *incurred thereunder." And applying R.C. 1.58(A)(4), the amendment of R.C. 149.43 did not "[a]ffect any * * * remedy in respect of any such * * * obligation, * * * and the * * * remedy may be * * * enforced * * * as if the statute had not been * * * amended."

{¶ 42} DRC admits in its brief that "to the extent ODRC violated R.C. 149.43 prior to the effective date of S.B. 321, the prior version is applicable. If any violation occurred after that date, the current version of the law should be applied." Therefore, DRC looks at what date a statutory violation occurred to determine which version of the statute applies. DRC argues that the claimed violation here occurred when it responded to the public-records request on December 29, 2016, which was after the effective date of S.B. 321. It argues that the S.B. 321 version of the statute is therefore applicable.

{¶ 43} However, the crucial date under R.C. 1.58 is the date that an obligation arose on behalf of DRC. R.C. 149.43(C)(1) makes a mandamus action available to any person aggrieved by the "failure of a public office or the person responsible for public records to comply with an *obligation* in accordance with division (B) of this section." (Emphasis added.) Pursuant to R.C. 149.43(B)(1), "a public office or person responsible for public records shall make copies of the requested public record available at cost and within a reasonable period of time," *see State ex rel. Cincinnati Enquirer v. Deters*, 148 Ohio St.3d 595, 2016-Ohio-8195, 71 N.E.3d 1076, ¶ 23. Under the H.B. 64 version of the statute, R.C. 149.43(C)(2)(b)(i) set forth a remedy regarding that obligation—the mandatory award of attorney fees (subject to reduction) for a failure to respond affirmatively or negatively to the public-records request within a reasonable time. The subsequent amendment of the statute would not affect the remedy that existed at

16

the time the obligation arose. *See* R.C. 1.58(A)(4). The obligation and the concomitant remedy for a violation existed as of the time of the request. Therefore, the version of R.C. 149.43 in effect at the time of the original records request is the one applicable to this case.

{¶ 44} Because of DRC's failure to respond affirmatively or negatively to Hogan Lovells's request within a reasonable period of time, an award of attorney fees is mandatory under the version of R.C. 149.43 in effect on March 7, 2016, "subject to reduction as described in division (C)(2)(c) of this section." R.C. 149.43(C)(2)(c), as amended by H.B. 64, permits a court to reduce attorney fees or to not award them at all if two conditions are met:

> The court may reduce an award of attorney's fees to the relator or not award attorney's fees to the relator if the court determines both of the following:
>
> (i) That, based on the ordinary application of statutory law and case law as it existed at the time of the conduct or threatened conduct of the public office or person responsible for the requested public records that allegedly constitutes a failure to comply with an obligation in accordance with division (B) of this section and that was the basis of the mandamus action, a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct or threatened conduct of the public office or person responsible for the requested public records did not constitute a failure to comply with an obligation in accordance with division (B) of this section;
>
> (ii) That a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct or threatened conduct of the public office or person

responsible for the requested public records as described in division (C)(2)(c)(i) of this section would serve the public policy that underlies the authority that is asserted as permitting that conduct or threatened conduct.

**{¶ 45}** Based on the facts of this case—in which DRC acknowledged the receipt of Hogan Lovells's public-records request but then did not respond substantively until more than nine months later—and the plain language of R.C. 149.43(C)(2)(c)(i) and (ii), we find that the reduction factors do not apply.

**{¶ 46}** We therefore grant Hogan Lovells the court costs and attorney fees associated with this mandamus action. This court will make a final determination of the amount of costs and attorney fees due upon review of Hogan Lovells's filing of an itemized application with independent evidence supporting the reasonableness of the hourly rates charged and the hours billed. DRC is entitled to respond to Hogan Lovells's application. Also, we caution Hogan Lovells that "fee applications submitted to this court should contain separate time entries for each task, with the time expended on each task denoted in tenths of an hour" and that "[t]his court will no longer grant attorney-fee applications that include block-billed time entries." *State ex rel. Harris v. Rubino*, ___ Ohio St.3d ___, 2018-Ohio-5109, ___N.E.3d ___, ¶ 7, 14.

### Conclusion

**{¶ 47}** We hold that Hogan Lovells has a clear legal right to access the sealed records identified in DRC's Exhibit 7 log, with only the protected information redacted, i.e., the names, contact information, signatures, seals, and any other information in the records that identifies or could reasonably lead to the identification of an entity requesting confidentiality under R.C. 2949.221. However, because the third letter in Exhibit 7 contains protected information that is inextricably intertwined with nonprotected information, we hold that it is exempt

from public disclosure and therefore DRC does not have a clear legal duty to produce it. We also hold that Hogan Lovells failed to establish a clear legal right to compel DRC to produce the sealed records identified in the Exhibit 8 log, which were created or received by DRC after March 7, 2016, the date of Hogan Lovells's request.

{¶ 48} Accordingly, we grant in part and deny in part the complaint for a writ of mandamus. DRC is ordered to provide the records identified in its Exhibit 7 log, redacted as described above, with the exception of the third letter requesting confidentiality. We deny Hogan Lovells's request for statutory damages but award costs and attorney fees, the total amount of which will be determined upon this court's review of Hogan Lovells's itemized application.

Writ granted in part
and denied in part.

DEWINE, J., concurs.

FRENCH and DEGENARO, JJ., concur in judgment only.

O'CONNOR, C.J., concurs in part but dissents as to the award of attorney fees.

FISCHER, J., concurs in part and dissents in part, with an opinion joined by O'DONNELL, J.

_____

**FISCHER, J., concurring in part and dissenting in part.**

{¶ 49} I concur in the portions of the court's judgment holding that respondent, the Ohio Department of Rehabilitation & Correction ("DRC"), does not need to produce the sealed records identified in DRC's Exhibit 8 log and the third letter identified in DRC's Exhibit 7 log. I disagree, however, that relators, Elizabeth A. Och and Hogan Lovells U.S., L.L.P. (collectively, "Hogan Lovells"), have a clear legal right to access the other sealed records in Exhibit 7.

**{¶ 50}** Ohio's public-records law "is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records." *State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374, 376, 662 N.E.2d 334 (1996), citing *State ex rel. Thomas v. Ohio State Univ.*, 71 Ohio St.3d 245, 246, 643 N.E.2d 126 (1994). I agree that the plain language of R.C. 2949.221 protects information or records that identify or may reasonably lead to the identification of entities requesting confidentiality and their participation in the lethal-injection-drug-related activities described in the statute. As explained in the lead opinion, DRC argues that each of the letters identified in Exhibit 7 should be exempt from disclosure because the identities of the protected entities are inextricably intertwined with the remainder of the information in those records. Lead opinion at ¶ 24. I find this argument to be well-taken.

**{¶ 51}** I acknowledge our preference for broad disclosure. *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, ¶ 7. However, I conclude that, even with redactions, production of these letters may reasonably lead to the identity of the entities requesting confidentiality. Given this reasonable likelihood, DRC has met its burden of showing that the letters fall squarely within the exception contained within R.C. 2949.221(B). *See State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, ¶ 10. I would accordingly hold that these letters are exempt from public disclosure and that DRC does not have a clear legal duty to produce them.

**{¶ 52}** For these reasons, I conclude that Hogan Lovells has no clear legal right to the sealed records identified in the Exhibit 7 log. I dissent from the portion of the majority's judgment holding otherwise.

O'DONNELL, J., concurs in the foregoing opinion.

_____

Graydon, Head & Ritchey, L.L.P., John C. Greiner, and Darren W. Ford, for relators.

Michael DeWine, Attorney General, Charles L. Wille, Principal Assistant Attorney General, and Sarah E. Pierce, Assistant Attorney General, for respondent.

_____