[Cite as *Jabr v. Disciplinary Counsel*, 2021-Ohio-398.]

| | |
|---|---|
| TAREQ R. JABR | Case No. 2020-00596PQ |
| Requester | Special Master Jeff Clark |
| v. | REPORT AND RECOMMENDATION |
| DISCIPLINARY COUNSEL | |
| Respondent | |

{¶1} Ohio's Public Records Act provides that upon request a public office "shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1). Ohio courts construe the Public Records Act liberally in favor of broad access, with any doubt resolved in favor of disclosure of public records. *State ex rel. Hogan Lovells U.S., L.L.P. v. Dept. of Rehab. & Corr.*, 156 Ohio St.3d 56, 2018-Ohio-5133, 123 N.E.3d 928, ¶ 12. This action is brought under R.C. 2743.75, which provides an expeditious and economical procedure in the Court of Claims to resolve public records disputes.

{¶2} On or about December 13, 2019, requester Tareq Jabr made a verbal request of respondent Disciplinary Counsel for "records for Att. John Paris, plus, Att. Tasso Paris, and Judge Patrick Corrigan, and Attorney Kent Minshall. All these are involved in the same cases of child support, violations, in child support, on Mr. Tareq Jabr." (Complaint at 1-2; Response at 2; Stone Aff. at ¶ 3.) The request was denied. (Complaint at 1; Stone Aff., Exh. 1 at p. 2.) On November 4, 2020, Senior Assistant Disciplinary Counsel Amy Stone advised Jabr that pursuant to Rule V, Section 8(A)(1) of the Rules for Government of the Bar, the Disciplinary Counsel would be prohibited from providing records responsive to this request, should any actually exist. (Stone Aff., Exh. 1.)

{¶3} On October 14, 2020, Jabr filed a complaint under R.C. 2743.75 alleging denial of access to public records in violation of R.C. 149.43(B). The matter was

referred to mediation on October 15, 2020. On November 18, 2020, Jabr submitted an unsolicited and uncaptioned pleading marked as "Add-on," including a certificate of service. Although this document does not otherwise fully comply with the Ohio Rules of Civil Procedure, pursuant to Civ.R. 15(E) and R.C. 2743.75(E)(2) the special master directs the clerk to accept it for filing. On December 29, 2020, the court was notified that the parties had not resolved the matter in mediation. On January 7, 202, the Disciplinary Counsel filed its combined response and motion to dismiss (Response) with an attached affidavit.

### Burdens of Proof

{¶4} A requester must establish any public records violation by clear and convincing evidence. *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.). At the outset, Jabr bears the "burden of production" to plead and prove facts showing that he sought identifiable public records pursuant to R.C. 149.43(B)(1), and that the Disciplinary Counsel did not make those records available. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, Slip Opinion No. 2020-Ohio-5371, ¶ 33.

{¶5} If a public office withholds an identified record on the basis of a public records exemption, the public office then carries the burden to prove that the record falls squarely within the exemption. *Id.* at ¶ 35. Exceptions to disclosure must be strictly construed against the public-records custodian. *State ex rel. Rogers v. Dept. of Rehab. & Corr.*, 155 Ohio St.3d 545, 2018-Ohio-5111, 122 N.E.3d 1208, ¶ 7.

### Motion to Dismiss

{¶6} Civ.R. 12(B)(1) permits dismissal where the trial court lacks jurisdiction over the subject matter of the litigation. Disciplinary Counsel asserts that the Court of Claims lacks subject matter jurisdiction over denial of public access to its records because they are governed by the Rules of Superintendence for the Courts of Ohio rather than by the Ohio Public Records Act.

### Rules of Superintendence for the Courts of Ohio

{¶7} The Ohio Public Records Act, R.C. 149.43, applies to most public offices, and the public records access program in this court applies to disputes alleging a denial of access to public records by those offices "in violation of division (B) of section 149.43 of the Revised Code." R.C. 2743.75(A), (C)(1), (F)(3), and (G)(2). However, access to records of the Ohio Supreme Court, courts of appeal, courts of common pleas, municipal courts, and county courts is governed instead by the Rules of Superintendence for the Courts of Ohio (Sup.R. or Rules). The Rules "set forth the process that the public must utilize to obtain records held by the judicial branch." *State ex rel. Parisi v. Dayton Bar Assn. Certified Griev. Comm.*, 159 Ohio St.3d 211, 2019-Ohio-5157, 150 N.E.3d 43, ¶ 17; Sup.R. 1(A), 44, 45(B), 47(A)(1). The Rules of Superintendence are the "sole vehicle" for obtaining public records from the courts specified therein. *State ex rel. Husband v. Shanahan*, 157 Ohio St.3d 148, 2019-Ohio-1853, 133 N.E.3d 467, ¶ 5.

{¶8} While not a court *per se*, the Office of the Disciplinary Counsel is an integral arm of the Ohio Supreme Court. The Supreme Court has found accordingly that attorney-discipline records prepared for it by the Disciplinary Counsel are subject to the Rules of Superintendence. In *Parisi,* the requester sought attorney-discipline records from a grievance committee certified by the Board of Professional Conduct of the Supreme Court. *Parisi* at ¶ 13, 24-25. The Court was presented with the question of whether the Rules, or the Public Records Act, applied to such a request:

> Attorney-discipline matters are decided exclusively by this court, as we have original jurisdiction over the discipline of persons admitted to the bar and all other matters relating to the practice of law. See Article IV, Section 2(B)(1)(g), Ohio Constitution. And through the Supreme Court Rules for the Government of the Bar of Ohio, this court created the Office of Disciplinary Counsel and the Board of Professional Conduct and authorized the board to certify grievance committees to aid us in managing attorney discipline throughout the state. See Gov.Bar R. V(1)(A) and (D) ("[t]here shall be a Board of Professional Conduct of the Supreme Court" consisting of 28 commissioners appointed by this court); Gov.Bar R. V(4)(A) (the board, with the approval of the Supreme Court, shall

appoint disciplinary counsel); Gov.Bar R. V(5)(B) (the board may certify a grievance committee to investigate allegations of attorney misconduct).

While these entities, especially the certified grievance committees, function somewhat independently from this court, the documents prepared and created in attorney-discipline cases by or for these entities must be considered records of this court for purposes of disclosure. That is because this court is the ultimate arbiter of attorney discipline, *Cincinnati Bar Assn. v. Powers*, 119 Ohio St.3d 473, 2008-Ohio-4785, 895 N.E.2d 172, ¶ 21, and we have the unique and complete responsibility, as designated by Article IV, Sections 2(B)(1)(g) and 5(B) of the Ohio Constitution, to regulate all matters related to the practice of law. Therefore, any documents prepared in attorney-discipline cases, like those requested by Parisi, may be sought only through a request made pursuant to Sup.R. 44 through 47. (Citations omitted.)

*Id.* at ¶ 25-26. Jabr made his request, and seeks relief, under R.C. 149.43. (Complaint at 2.) The documents sought by Jabr, which if they exist were prepared in attorney- or jurist-discipline cases, may be sought only through a request made pursuant to Sup.R. 44 through 47.

{¶9} Even were Jabr's request construed as made pursuant to Sup.R. 44 through 47, this court would lack jurisdiction. The Ohio Court of Claims is a court of limited jurisdiction. *Patriot Water Treatment, LLC v. Ohio Dept. of Natural Res.*, 10th Dist. Franklin No. 13AP-370, 2013-Ohio-5398, ¶ 30. The remedy for a person aggrieved by a failure to comply with the requirements of Sup.R. 44 through 47 is through an action in mandamus under R.C. Chapter 2731. Sup.R. 47(B). Courts authorized to issue writs of mandamus include the Supreme Court, courts of appeals, and courts of common pleas. R.C. 2731.02. The Court of Claims thus lacks original jurisdiction to adjudicate a mandamus action to enforce violation of Sup.R. 44-47.

**Conclusion**

{¶10} Upon consideration of the pleadings and attachments, the special master recommends the court find that the court lacks jurisdiction over the subject matter of

requester's claim and grant the motion to dismiss. It is recommended that court costs be assessed to requester.

{¶11} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFF CLARK
Special Master

**Filed January 26, 2021**
**Sent to S.C. Reporter 2/12/21**