[Cite as *Portsmouth Daily Times v. New Boston*, 2021-Ohio-4652.]

| | |
|---|---|
| PORTSMOUTH DAILY TIMES | Case No. 2021-00414PQ |
| Requester | Special Master Jeff Clark |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| THE VILLAGE OF NEW BOSTON | |
| Respondent | |

{¶1} The Public Records Act (PRA or Act) requires a public office to make copies of requested public records available at cost and within a reasonable period of time. R.C. 149.43(B)(1). The Act is construed liberally in favor of broad access, with any doubt resolved in favor of disclosure. *State ex rel. Hogan Lovells U.S., L.L.P. v. Dept. of Rehab. & Corr.*, 156 Ohio St.3d 56, 2018-Ohio-5133, 123 N.E.3d 928, ¶ 12. R.C. 2743.75 provides an expeditious and economical procedure to resolve public records disputes in the Court of Claims. A requester must establish entitlement to relief in an action filed under R.C. 2743.75 by clear and convincing evidence. *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.).

{¶2} On July 21, 2021, Editor Adam Black of requester Portsmouth Daily Times (The Times) made a request to attorney Justin Blume at the office address of respondent Village of New Boston for "the investigative reports from Jason Kester and Dawn Fricker involving Capt. Deerfield, Lt. Anderson, and Chief Goins." (Complaint at 2.) On July 22, 2021, Blume responded:

> The Kester report is protected by attorney client and work product privileges and will not be produced.
>
> The Frick report will [*sic*] I can get you.

(*Id.* at 4.) On July 24, 2021, The Times filed a complaint pursuant to R.C. 2743.75 alleging denial of access to public records by the Village in violation of R.C. 149.43(B).

Following mediation in which the parties confirmed production of the Frick report (November 16, 2021 Entry), the Village filed a motion to dismiss (MTD) and response to complaint (Response) on December 1, 2021.

### Motion to Dismiss

{¶3} In order to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the claimant can prove no set of facts warranting relief after all factual allegations of the complaint are presumed true and all reasonable inferences are made in claimant's favor. *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580, 581, 669 N.E.2d 835 (1996). As long as there is a set of facts consistent with the complaint that would allow the claimant to recover, dismissal for failure to state a claim is not proper. *State ex rel. V.K.B. v. Smith*, 138 Ohio St.3d 84, 2013-Ohio-5477, 3 N.E.3d 1184, ¶ 10.

{¶4} The Village moves to dismiss the complaint on the grounds that 1) The Times' request was made under the federal Freedom of Information Act and is therefore unenforceable against a state public office,[1] and 2) all information within the Kester report is exempt from disclosure as confidential attorney-client communication and/or attorney work product.

### The FOIA Does Not Apply to Village Records

> [T]he FOIA does not apply to nonfederal entities like Akron. Sections 551(1) and 552(f), Title 5, U.S. Code; *State ex rel. Cincinnati Enquirer v. Dupuis*, 98 Ohio St.3d 126, 2002 Ohio 7041, 781 N.E.2d 163, P32.

*State ex rel. Carr v. Akron,* 112 Ohio St. 3d 351, 2006-Ohio-6714, 859 N.E.2d 948, ¶ 33. *Accord State ex rel. Warren v. Warner*, 84 Ohio St. 3d 432, 433, 704 N.E.2d 1228 (1999); *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580, 582, 669 N.E.2d 835 (1996); *State v. Heid*, 4th Dist. Scioto No. 14CA3655, 2015-Ohio-1467, ¶ 9-10. The Times' request repeatedly and exclusively states that the request is based on

---

[1] Although the Village did not assert this defense in its initial explanation of denial to The Times, R.C. 149.43(B)(3) provides that this omission does not preclude it from relying upon additional reasons or legal authority in defending an action commenced under R.C. 149.43(C).

the federal Freedom of Information Act (FOIA), citing 5 U.S.C. section 552. (Complaint at 2.) The request makes no mention of the Ohio Public Records Act, R.C. 149.43. The special master finds that the federal FOIA does not apply to Ohio state agencies or governmental subdivisions like the Village of New Boston, and R.C. 2743.75 does not purport to authorize this court to enforce the federal FOIA. This court therefore lacks jurisdiction to enforce the request and the complaint must be dismissed. The nature of this dismissal is without prejudice to The Times making a new request under the Ohio Public Records Act.

**Attorney-Client Privilege and Work Product**

{¶5} Regarding the Village's alternative grounds for dismissal, the special master finds the status of the withheld reports and constituent documents as attorney-client privileged communication or attorney work product is not conclusively shown on the face of the complaint and attachments. *See State ex rel. Meyers v. Fostoria Bd. of Educ.*, 6th Dist. Wood No. WD-09-034, 2009-Ohio-5622, *passim*. Nor in its statutory response has the Village provided affidavits, a privilege log, or any other evidence detailing the legal issues on which advice was provided and how the advice is evidenced in the resulting report. *See State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.,* 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 20-33 (also noting at ¶ 7 that respondent voluntarily disclosed preexisting, non-exempt documents gathered and reviewed by the attorney-investigator); *Bollinger v. River Valley Local Sch. Dist.*, Ct. of Cl. No. 2020-00368PQ, 2020-Ohio-6637, ¶ 16-17. With regard to the claim that the records constitute attorney work product, the record contains no evidence or even assertion that the attorney's report was prepared in anticipation of litigation. *Squire, Sanders & Dempsey, L.L.P. v. Givaudan Flavors Corp*, 127 Ohio St.3d 161, 2010-Ohio-4469, 937 N.E.2d 53, ¶ 54-55. Were further analysis necessary, the special master would have ordered the documents to be filed under seal for review *in camera*. *Toledo-Lucas Cty. Port Auth*. at ¶ 8; *State ex rel. Lanham v. DeWine*, 135 Ohio St.3d 191, 2013-Ohio-199, 985 N.E.2d 467, ¶ 22.

{¶6} However, as the court's lack of jurisdiction over the current request is conclusively established by The Time's reliance on federal FOIA as its sole authority for making the request, it is unnecessary to further analyze the Village's assertion that the Kester report is exempted in its entirety as privileged attorney-client communication and/or attorney work product, and the special master thus submits no recommendation thereon.

**Conclusion**

{¶7} The special master recommends that that the motion to dismiss be GRANTED. It is recommended that costs be assessed to requester.

{¶8} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFF CLARK
Special Master

**Filed December 23, 2021**
**Sent to S.C. Reporter 1/21/22**