[Cite as *Citak v. Ohio State Univ.*, 2022-Ohio-1195.]

| | |
|---|---|
| RACHEL CITAK | Case No. 2021-00563PQ |
| Requester | Special Master Jeff Clark |
| v. | REPORT AND RECOMMENDATION |
| THE OHIO STATE UNIVERSITY, OFFICE OF UNIVERSITY COMPLIANCE AND INTEGRITY | |
| Respondent | |

{¶1} Ohio's Public Records Act, R.C. 149.43, provides that upon request a public office "shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1). Ohio courts construe the Public Records Act liberally in favor of broad access, with any doubt resolved in favor of disclosure of public records. *State ex rel. Hogan Lovells U.S., L.L.P. v. Dept. of Rehab. & Corr.*, 156 Ohio St.3d 56, 2018-Ohio-5133, 123 N.E.3d 928, ¶ 12. This action is filed under R.C. 2743.75, which provides an expeditious and economical procedure to enforce alleged violations of R.C. 149.43(B).

{¶2} On March 24, 2021, requester Rachel Citak made a public records request to respondent Ohio State University, Office of University Compliance and Integrity (OSU) for copies of

> the questions, results, and any crosstabs of any opinion poll or survey paid for, conducted, or written by the Ohio State University College of Public Health concerning COVID-19 or habits of Ohio residents related to COVID-19. This request is limited to records created or received on or after March 1, 2020.

(Complaint at 4-5.) On April 8, 2021, OSU provided access to all records responsive to the request with the exception of 1) individual survey responses, and 2) crosstabs, stating that "the underlying records that are [sic] to your request will not be available until the

peer-review and publication process is complete. See Ohio Revised Code 149.43(A)(1)(m)." (*Id.* at 5-6.) Following additional correspondence, OSU advised Citak on May 4, 2021 that "we have found no additional records (crosstabs) that are responsive to your request." (*Id.* at 6-7.) On May 12, 2021, OSU affirmed its denial of "full raw data … survey responses," and repeated that no crosstab data existed "aside from anything that could be construed as crosstabs represented in the published paper." (*Id.* at 8-9.)

{¶3} On October 6, 2021, Citak filed this action pursuant to R.C. 2743.75 alleging denial of access to public records in violation of R.C. 149.43(B). Following unsuccessful mediation, OSU filed a combined response brief and motion to dismiss (Response) on January 21, 2022. Citak filed a reply on February 18, 2022.

**Burdens of Proof**

{¶4} Ohio's Public Records Act (PRA or Act) is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records. *State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 7. In an enforcement action under R.C. 2743.75, a requester must establish any public records violation by clear and convincing evidence. *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.).

{¶5} If a public office asserts an exception to the PRA, the burden of proving the exception rests on the public office. *State ex rel. Cincinnati Enquirer v. Pike Cty. Coroner's Office*, 153 Ohio St.3d 63, 2017-Ohio-8988, 101 N.E.3d 396, ¶ 15. Exceptions to disclosure under the Act must be strictly construed against the public-records custodian, and the custodian bears the burden to establish applicability of the exception. *State ex rel. Rogers v. Dept. of Rehab. & Corr.*, 155 Ohio St.3d 545, 2018-Ohio-5111, 122 N.E.3d 1208, ¶ 7. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception. *Id.*; *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, paragraph two of the

syllabus. Any doubt should be resolved in favor of disclosure of public records. *State ex rel. James v. Ohio State Univ.*, 70 Ohio St.3d 168, 169, 637 N.E.2d 911 (1994).

**Motion to Dismiss**

{¶6} In construing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). Then, before the court may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

{¶7} OSU moves to dismiss the complaint on the ground that the withheld records are exempt from disclosure as intellectual property records. R.C. 149.43(A)(1)(m) and (A)(5). On consideration of the motion, the special master finds the claimed status of the withheld documents as intellectual property records is not conclusively shown on the face of the complaint and attachments. Moreover, as the matter is now fully briefed the arguments to dismiss are subsumed in the arguments to deny the claim on the merits. It is therefore recommended that that the motion to dismiss be denied.

**Non-Existent Records**

{¶8} If a public office asserts that it has searched for and provided all existing records responsive to a request, the requester has the burden to overcome that denial with clear and convincing evidence that additional responsive records do exist. *State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 5-10. A requester's mere belief in the existence of additional records does not constitute the clear and convincing evidence necessary to establish that such documents exist. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 22-26; *State ex rel. Morabito v. Cleveland*, 8th Dist. Cuyahoga No. 98829, 2012-Ohio-6012, ¶ 13. In correspondence prior to litigation OSU advised Citak

that it had produced all records that were, or could be construed as, "crosstabs." (Complaint at 6-9.) Citak has submitted no evidence to challenge this assertion and does not expressly deny it in her complaint or reply. The special master finds that Citak has not shown by clear and convincing evidence that any additional OSU records exist that are responsive to the request for crosstabs.

**Exception Claimed**

{¶9} OSU asserts that the individual survey responses, which were gathered through an online form and existed at the time of the request only in the form of an anonymized spreadsheet (Response, Exh. A, ¶ 6) are "intellectual property records" excepted from public disclosure by R.C. 149.43(A)(1)(m). As used therein,

> "Intellectual property record" means a record, other than a financial or administrative record, that is produced or collected by or for faculty or staff of a state institution of higher learning in the conduct of or as a result of study or research on an educational, commercial, scientific, artistic, technical, or scholarly issue, regardless of whether the study or research was sponsored by the institution alone or in conjunction with a governmental body or private concern, and that has not been publicly released, published, or patented.

R.C. 149.43(A)(5). OSU must thus show that the survey responses were 1) not financial or administrative records, 2) were produced or collected by or for faculty or staff of a state institution of higher learning, 3) for one of the listed study or research purposes, and 4) have not been publicly released, published, or patented.

{¶10} OSU asserts without contradiction by Citak that the returned surveys are not financial or administrative records and that OSU is a state institution of higher learning within the meaning of R.C. 149.43(A)(5). (Response at 4-5.) The first and second elements of the exception are thus established with respect to the survey responses.

{¶11} OSU asserts that survey responses of participants' knowledge, attitudes and beliefs related to Covid-19, Covid-19 vaccination, and testing were "compiled as part of study and research on an educational, scientific, artistic, technical, or scholarly issue."

(Response, Exh. A, ¶ 11) and that "[t]here is no dispute over" this element. OSU's conclusory assertion that the records relate to one or more "educational, commercial, scientific, artistic, technical, or scholarly" issue, without further specification or explanation, is de minimis evidence in support of the third element. However, the court may further take notice that scholarly articles based on the records (Response, Exhs. C and D) on their face address various behavioral, demographic, psychological, and public health matters that constitute scientific, technical, and/or scholarly issues. Without any challenge by Citak to OSU's assertion, the third element is thus established.

**Public Disclosure**

{¶12} Citak argues the withheld records fail to satisfy the exception because they have been publicly disclosed 1) by distribution of the online questions to thousands of survey participants, 2) through publication in the researchers' scholarly articles, and 3) by disclosure to reviewers in the publication peer review process. (Complaint at 2; Reply at 5-7, 8-10.) Neither party suggests that the withheld records have been patented.

{¶13} Although the online survey *questions* were necessarily released to those surveyed, Citak provides no evidence that participants became aware of any *response* data other than their own. Citak correctly notes that distribution of test questions to test-taking members of the public constitutes public release of the test instrument itself, *State ex rel. Rea v. Ohio Dept. of Educ.*, 81 Ohio St.3d 527, 533, 692 N.E.2d 596 (1998), but she has been provided with the survey questions. (Reply at 2; Complaint, Exh. B.) However, Rea did not "request that any * * * individual responses regarding the examinations be made available through this action." *Rea* at 528. The *Rhea* decision is thus consistent with OSU's voluntary production of the Covid-19 survey questions prior to the filing of the complaint, and is inapposite to Citak's separate claim that survey responses were released.

{¶14} Next, Citak correctly argues that to the extent any specific response data has been published in the researchers' scholarly articles, the intellectual property exception

no longer applies. However, as with the survey questions, OSU has provided Citak with all survey response data that has been publicly released or published. (Response at 2-5, Exh. A, ¶ 8-9.) Limited disclosures do not operate to waive an entire database of otherwise unpublished responses. In *Walker v. Ohio State Univ. Bd. of Trs.*, 10th Dist. Franklin No. 09AP-748, 2010-Ohio-373, ¶ 4, "cumulative tallies of the raw data were presented in a written report to the district." The Tenth District declined to find that a written report containing processed data constituted public release or publication of the data source – paper questionnaire forms. *Id.* at ¶ 19-21. *Accord Zamlen-Spotts v. Cleveland State Univ.*, Ct. of Cl. No. 2021-00087PQ, 2021-Ohio-2704, ¶ 14. Citak cites no case law to the contrary.

{¶15} Neither party provides a detailed description of the publication peer review process. Citak asserts only that

> The publication peer review process is an often lengthy process which necessitates exposing the study to the scrutiny of expert individuals outside of the authoring organization in order to improve, edit, review, critique, and share the manuscript.

(Reply at 10.) Citak footnotes a link to *Peer Review in Scientific Publications: Benefits, Critiques, & a Survival Guide*. Contrary to Citak's implication that the peer review process involves release to the public, this article nowhere states or implies that manuscripts are so released, but does state the following with regard to individuals conducting the reviews:

> The peer reviewer is not permitted to share any part of the manuscript with a colleague (even if they may be more knowledgeable in the subject matter) without first obtaining permission from the editor.

https://www.ncbi.nlm.nih.gov/pmc/articles/PMC4975196/ (Accessed March 9, 2022.) Citak has presented no evidence or specific allegation that the withheld data has been released to the public domain in the publication peer review process, or otherwise.

{¶16} In another case involving university research data, *State ex rel. Physicians Comm. for Responsible Med. v. Bd. of Trs. of Ohio State Univ.*, 108 Ohio St. 3d 288, 2006-Ohio-903, 843 N.E.2d 174, respondent OSU produced substantially more evidence

of non-disclosure including: affidavits detailing the controls it maintained on sharing the data with scientific collaborators and research trainees under non-disclosure agreements, presentation to scientists at medical conferences closed to the general public and sharing for training validation. *Id.* at ¶ 31-35. While testimony of similar scope and detail would have greatly assisted determination of the case before this court, the *Physicians Comm.* Court did not find the evidence provided there to be the minimum required for proof of non-disclosure. The special master finds that the testimony of a researcher that the withheld survey response data has not been published, released, or patented (Response, Exh. A at ¶ 9) is sufficient, albeit minimally, to show the records fall squarely within that element of R.C. 149.43(A)(5). Citak has not submitted any evidence that outweighs OSU's regarding non-release to the public.

{¶17} Finally, Citak argues that OSU fails to detail the economic value of and specific precautions taken to protect the withheld records (Reply at 7-10). These are elements of the trade secret exception as defined in R.C. 1333.61(D)(1), but OSU has not asserted trade secret as an exception for the records here. Thus, the elements of trade secret as analyzed and applied in *State ex rel. Besser v. Ohio State Univ.*, 89 Ohio St.3d 396, 399-405, 732 N.E.2d 373 (2000) and *Rea v. Ohio Dept. of Educ.*, 81 Ohio St.3d 527, 532-533, 692 N.E.2d 596 (1998) are not applicable to this case. R.C 149.43(A)(5) is discussed in *Besser* at 398-399, but *Besser* addressed only whether the withheld records were financial or administrative records, a factor that Citak does not dispute here.

{¶18} The special master finds that OSU has met its burden of proof to show that the withheld survey response records fall squarely within the definition of intellectual property records contained in R.C. 149.43(A)(5).

**Conclusion**

{¶19} Upon consideration of the pleadings, affidavit, and attachments, the special master recommends the court issue an order denying requester's claim for disclosure of

the withheld records. It is recommended that costs be assessed to requester.

{¶20} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFF CLARK
Special Master

**Filed March 11, 2022**
**Sent to S.C. Reporter 4/8/22**