THE STATE EX REL. CINCINNATI ENQUIRER, A DIVISION OF GANNETT

SATELLITE INFORMATION NETWORK, INC., APPELLANT, *v.* RONAN, SUPT.,

APPELLEE.

[Cite as *State ex rel. Cincinnati Enquirer v. Ronan,*

124 Ohio St.3d 17, 2009-Ohio-5947.]

*Public records — R.C 149.43 — Mandamus claim rendered moot once requested*

*records were produced — Claim for attorney fees not moot.*

(No. 2009-0696 — Submitted October 20, 2009 — Decided November 18, 2009.)

APPEAL from the Court of Appeals for Hamilton County, No. C-090155.

_____

**Per Curiam.**

{¶ 1}   This is an appeal from the dismissal of a complaint for a writ of mandamus to compel appellee, Cincinnati Public Schools Superintendent Mary Ronan, to provide copies of all documents submitted by superintendent candidates pursuant to R.C. 149.43, the Public Records Act.  We affirm the judgment of the court of appeals dismissing the mandamus claim based on mootness. Nevertheless, because the court of appeals erred in dismissing the request for attorney fees on the same basis of mootness, we reverse that portion of the judgment of the court of appeals and remand the cause for further proceedings on the request.

**Records Request and Refusal**

{¶ 2}   On February 5, 2009, a reporter for relator, the Cincinnati Enquirer, a division of Gannett Satellite Information Network, Inc., hand-delivered to the Cincinnati Public Schools a written request for documents submitted by candidates for the school district's superintendent position.  The school district refused the Enquirer's request because it had not yet checked the

post office box to which the documents were directed and it would not do so until March 16.  The district promised to make all public records in the post office box available for inspection after that date.

**Mandamus Claim:  Dismissal Based on Mootness**

**{¶ 3}**  The court of appeals dismissed the Enquirer's mandamus complaint based on the pleadings.  "Sua sponte dismissal without notice is warranted when a complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint."  *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14; *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 7.

**{¶ 4}**  The court of appeals properly held that the Enquirer's mandamus complaint was moot because the school district had produced the requested records after the Enquirer had commenced the underlying suit.  See *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.*, 120 Ohio St.3d 372, 2008-Ohio-6253, 899 N.E.2d 961, ¶ 43, in which we held that the newspaper's claim for records was rendered moot once the board of county commissioners had produced the document.

**{¶ 5}**  Nor is the Enquirer's public-records mandamus claim excepted from being moot on the ground that it is "capable of repetition, yet evading review."  *State ex rel. Dispatch Printing Co. v. Geer*, 114 Ohio St.3d 511, 2007-Ohio-4643, 873 N.E.2d 314, ¶ 10.  "This exception applies only in exceptional circumstances in which the following two factors are both present:  (1) the challenged action is too short in duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the *same complaining party* will be subject to the same action again."  (Emphasis added.)  *State ex rel. Calvary v. Upper Arlington* (2000), 89 Ohio St.3d 229, 231, 729 N.E.2d 1182.

**{¶ 6}**  The Enquirer did not sufficiently allege any reasonable expectation that it would again be subjected to the same action.  In fact, in its appellate

2

argument, the Enquirer appears to acknowledge that it has no current information of prior instances in which the Cincinnati Public Schools had engaged in a continuing pattern and practice to delay production of public records and that it had merely sought to conduct discovery on its general allegations.

{¶ 7} We are cognizant that "Ohio generally follows notice, rather than fact, pleading" except in certain special circumstances in which we have modified the standard by requiring the pleading of specific facts. See *State ex rel. Williams Ford Sales, Inc. v. Connor* (1995), 72 Ohio St.3d 111, 113, 647 N.E.2d 804; cf. S.Ct.Prac.R. X(4)(B) (requiring complaints for most original actions filed in this court to contain a "specific statement of facts upon which the claim for relief is based"). We are also aware that, in general, a plaintiff "is not required to prove his or her case at the pleading stage" because many plaintiffs lack access to relevant evidence, which can be obtained only through discovery from materials in the defendant's possession. See *York v. Ohio State Highway Patrol* (1991), 60 Ohio St.3d 143, 144-145, 573 N.E.2d 1063; *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 549, 605 N.E.2d 378.

{¶ 8} These cases are inapposite here, however, because the Enquirer would have had access to relevant evidence showing whether the Cincinnati Public Schools had refused to provide the newspaper with requested records so as to establish a reasonable expectation that "the same complaining party," i.e., the Enquirer, would be subject to the same action again.

{¶ 9} Therefore, the court of appeals properly dismissed the Enquirer's mandamus claim based on mootness.

### Attorney Fees

{¶ 10} Nevertheless, as we recently held in a different public-records mandamus case instituted by relator, "even if the Enquirer's mandamus claim were properly dismissed as moot, a claim for attorney fees in a public-records mandamus action is not rendered moot by the provision of the requested records

after the case has been filed." *State ex rel. Cincinnati Enquirer v. Heath*, 121 Ohio St.3d 165, 2009-Ohio-590, 902 N.E.2d 976, ¶ 18. Therefore, although the court of appeals correctly dismissed the Enquirer's mandamus claim as moot, it erred in dismissing the Enquirer's request for attorney fees on the basis of mootness.

### Conclusion

**{¶ 11}** We affirm the judgment of the court of appeals dismissing the Enquirer's mandamus claim based on mootness. However, because the court of appeals erred in dismissing the Enquirer's request for attorney fees based on mootness, we reverse that portion of the judgment of the court of appeals and remand the cause for further proceedings solely on that request.

Judgment accordingly.

MOYER, C.J., and O'CONNOR, LANZINGER, and CUPP, JJ., concur.

PFEIFER, LUNDBERG STRATTON, and O'DONNELL, JJ., concur in part and dissent in part.

———————————

**LUNDBERG STRATTON, J., concurring in part and dissenting in part.**

**{¶ 12}** I agree with the decision dismissing the Enquirer's mandamus claim. However, because I believe that the Enquirer's complaint lacked merit, I would also dismiss the claim for attorney fees. Therefore, I respectfully dissent from the majority's remand for further proceedings on the request for attorney fees.

**{¶ 13}** The Cincinnati Public Schools directed candidates for the position of superintendent to submit applications to a post office box by March 15, 2009. As in a competitive bidding process, the school district intended to wait until the day after the deadline to review all submissions at once.

**{¶ 14}** On February 5, 2009, the Cincinnati Enquirer submitted a public records request to the Cincinnati Public Schools for copies of all documents

4

submitted by candidates for the superintendent position. The school district notified the newspaper that it had not opened the post office box and that the contents, if any, had not yet been used by the district. The school district agreed to make the documents available for inspection and copying once it had retrieved the contents of the post office box following the March 15, 2009 deadline. Despite this information, the Enquirer proceeded to file a complaint in mandamus for an order requiring the Cincinnati Public Schools to make the records available for inspection.

{¶ 15} The school district opened the post office box and retrieved the contents on March 16, 2009, and promptly produced copies of the requested documents to the Enquirer the following day. The newspaper has not challenged the sufficiency of the records produced.

{¶ 16} I believe that the requested documents did not constitute public records subject to R.C. 149.43 when the Enquirer made its initial request. On February 5, 2009, the contents of the post office box were not records that the school district had used "to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office." R.C. 149.011(G). The district was not obligated to produce copies of the documents until it had used them to carry out the school district's duties and responsibilities, at which point they became public records subject to inspection. *State ex rel. Beacon Journal Publishing Co. v. Whitmore* (1998), 83 Ohio St.3d 61, 63, 697 N.E.2d 640. Thus, there was no violation of R.C. 149.43, and the Enquirer's complaint is meritless.

{¶ 17} The majority remands for the court to consider the Enquirer's request for attorney fees on the ground that the dismissal of a complaint as moot does not defeat a claim for attorney fees. However, while I agree that the complaint is moot, I also believe that the Enquirer filed a meritless claim; therefore, there is no reason to remand for consideration of attorney fees.

"Relators are not entitled to attorney fees concerning those claims that were meritless." *State ex rel. Ohio Patrolmen's Benevolent Assn. v. Mentor* (2000), 89 Ohio St.3d 440, 448, 732 N.E.2d 969.

{¶ 18} Furthermore, although mootness may not preclude an award of attorney fees, such an award under R.C. 149.43 is not mandatory. See *State ex rel. Calvary v. Upper Arlington* (2000), 89 Ohio St.3d 229, 234, 729 N.E.2d 1182 (Lundberg Stratton, J., concurring in part and dissenting in part). "A court may award attorney fees pursuant to R.C. 149.43 where (1) a person makes a proper request for public records pursuant to R.C. 149.43, (2) the custodian of the public records fails to comply with the person's request, (3) the requesting person files a mandamus action pursuant to R.C. 149.43 to obtain copies of the records, and (4) the person receives the requested public records only after the mandamus action is filed, thereby rendering the claim for a writ of mandamus moot." *State ex rel. Pennington v. Gundler* (1996), 75 Ohio St.3d 171, 661 N.E.2d 1049, syllabus.

{¶ 19} Even if the claims in the Enquirer's complaint were only moot, I believe that the claim for attorney fees fails because the Enquirer does not meet the necessary requirements for an award of fees. The Enquirer did not make a proper request, and the school district did not fail to comply. The district promptly responded to the Enquirer's initial letter and then produced the records in a timely fashion once the district had used the documents and they became records subject to R.C. 149.43. Instead, the Enquirer chose to prematurely file a mandamus claim, knowing that the school district intended to obtain the documents from the post office box on a date certain and had agreed to promptly produce the documents once the post office box was opened. The Enquirer was not entitled to those documents before the school had used them.

{¶ 20} In conclusion, I believe that dismissal was appropriate because these were not public records subject to disclosure at the time of the Enquirer's request; therefore, the Enquirer's claim for attorney fees also fails. I concur with

the decision affirming part of the judgment of the court of appeals. However, for the reasons stated, I respectfully dissent from the decision to remand the cause for further proceedings on the request for attorney fees.

PFEIFER and O'DONNELL, JJ., concur in the foregoing opinion.

_____

Graydon, Head & Ritchey, L.L.P., and John C. Greiner, for appellant.

Taft, Stettinius & Hollister, L.L.P., Mark J. Stepaniak, and Ryan M. Martin, for appellee.

_____