[Cite as *Sutelan v. Ohio State Univ.*, 2019-Ohio-4026.]

| EDWARD M. SUTELAN | Case No. 2019-00250PQ |
| Requester | Judge Patrick M. McGrath |
| v. | |
| | DECISION AND ENTRY |
| OHIO STATE UNIVERSITY | |
| Respondent | |

{¶1} Because a defect is evident on the face of a special master's report and recommendation (R&R) issued on August 9, 2019, the court adopts in part and rejects in part the R&R.

## I. Background

{¶2} On February 27, 2019, pursuant to R.C. 2743.75(D), requester Edward M. Sutelan, a self-represented litigant, sued OSU, claiming that OSU improperly redacted the name of a suspected offender in an initial police report when OSU responded to a public-records request by Sutelan. The court appointed a special master in the cause. The court, through the special master, referred the case to mediation. After mediation failed to successfully resolve all disputed issues between the parties, the court returned the case to the special master's docket.

{¶3} OSU responded to Sutelan's complaint and it twice moved to dismiss the complaint. On August 9, 2019, the special master issued a R&R, concluding:

> Upon consideration of the pleadings, attachments, and records filed under seal, I recommend that the court grant [OSU's] motion for dismissal of the claim for production of the name of the uncharged suspect as moot. I further recommend that the court find that this case involves important issues that are capable of repetition yet evading review and is therefore not moot. I further recommend that the court find that [OSU] failed to provide the requested records within a reasonable period of time. I further

recommend the court find that [OSU] denied production of the name of an uncharged suspect on the unfounded assertion that the requested police reports did not include an existing initial incident report. I recommend the court order that [Sutelan] is entitled to recover from [OSU] the amount of the filing fee of twenty-five dollars and any other costs associated with the action that he has incurred.

(R&R, 23.)

Neither party has timely filed written objections to the special master's R&R.

## II. Law and Analysis

{¶4} Pursuant to R.C. 2743.75(F)(2), if neither party timely objects to a special master's R&R, this court "shall promptly issue a final order adopting the report and recommendation, unless it determines that there is an error of law or other defect evident on the face of the report and recommendation." Upon review of the R&R, the court finds that there is a defect evident on the face of the R&R relative to a recommendation to "find that this case involves important issues that are capable of repetition yet evading review and is therefore not moot." (R&R, 23.)

{¶5} The mootness doctrine is the "principle that American courts will not decide moot cases—that is, cases in which there is no longer any actual controversy." *Black's Law Dictionary* 1162 (10th Ed. 2014). More than one hundred years ago the Ohio Supreme Court instructed: "'The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Miner v. Witt*, 82 Ohio St. 237, 238, 92 N.E. 21 (1910), quoting *Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132, 40 L. Ed. 293 (1895). *Accord Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970); *Ohio Civ. Serv. Emps. Assn., AFSCME, Local 11 v. Ohio Dept. of Transp.*, 104 Ohio App.3d 340, 343, 662 N.E.2d 44 (10th Dist.1995).

{¶6} However, as explained by the Ohio Supreme Court, an exception to the mootness doctrine "arises when the claims raised are capable of repetition, yet evading review. This exception applies when the challenged action is too short in duration to be fully litigated before its cessation or expiration, and there is a reasonable expectation that the same complaining party will be subject to the same action again. *State ex rel. Calvary v. Upper Arlington* (2000), 89 Ohio St. 3d 229, 231, 729 N.E.2d 1182, 1185." *State ex rel. Dispatch Printing Co. v. Louden*, 91 Ohio St.3d 61, 64, 741 N.E.2d 517 (2001).  Under Ohio case law, an injury "'is not deemed capable of repetition merely because someone, at sometime, [sic] might suffer the same harm; there must be a reasonable chance that it will happen again to the complaining party.' *Village of W. Unity ex rel. Beltz v. Merillat*, 6th Dist. Williams No. WM-03-016, 2004-Ohio-2682, ¶ 16, citing *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975)." *Heartland of Urbana OH, LLC v. McHugh Fuller Law Group, PLLC*, 2016-Ohio-6959, 72 N.E.3d 23, ¶ 39 (2d Dist.).

{¶7} To support the recommendation that an exception to the mootness doctrine exists in this case, the special master notes that "OSU states that even in response to a specific request for an '*initial* police report[,] it will produce only an incomplete version * * * There is therefore every reason to believe OSU will apply the policies and practices it followed in this instance to future requests for police reports."  (Emphasis sic) (R&R, 14.)  However, possible future unlawful conduct by OSU relative to future public-records request by different requesters does not constitute an exception to the mootness doctrine.  The Tenth District Court of Appeals has explained: "[T]here must be more than a theoretical possibility that the action will arise again.  There must exist a '"reasonable expectation" or a "demonstrated probability" that the same controversy will recur involving the same complaining party.' *Murphy v. Hunt* (1982), 455 U.S. 478, 482, 102 S.Ct. 1181, 1184, 71 L.Ed.2d 353, 357, citing *Weinstein v. Bradford* (1975), 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350." *James A. Keller, Inc. v. Flaherty*, 74 Ohio

App.3d 788, 792, 600 N.E.2d 736 (10th Dist.1991). *See United States v. Sanchez-Gomez*, ___U.S.___, 138 S.Ct. 1532, 1542, 200 L.Ed.2d 792 (2018) (rejecting a contention of a sufficient showing that satisfies the "capable of repetition requirement") ("We have consistently refused to find the case or controversy requirement satisfied where, as here, the litigants simply 'anticipate violating lawful criminal statutes.' *O'Shea*, 414 U.S., at 496, 94 S. Ct. 669, 38 L. Ed. 2d 674").

{¶8} In this instance, an exception to the mootness doctrine cannot be maintained based on the evidence presented in the R&R because, although the special master discussed a concern that OSU likely may engage in future unlawful conduct and he "find[s] this to be an important issue that is not just capable of repetition, but highly likely to repeat for Sutelan, his colleagues, and his successors at *The Lantern* [OSU student newspaper]" (R&R 16), no evidence is presented showing a reasonable expectation that Sutelan again will be a requester in the future who will be subjected to the same action by OSU. *See James A. Keller, Inc.*, 74 Ohio App.3d at 792 (there must exist a reasonable expectation or demonstrated probability that the same controversy will recur involving the same complaining party); *Heartland of Urbana OH, LLC*, 2016-Ohio-6959, 72 N.E.3d 23 at ¶ 39 (an injury is not deemed capable of repetition merely because someone, at some time, might suffer the same harm; there must be a reasonable chance that it will happen again to the complaining party). A theoretical possibility that Sutelan, his colleagues, and successors at *The Lantern* may be subjected to the same action by OSU is insufficient to demonstrate that an exception to the mootness doctrine should be found based on the evidence presented in the R&R.

{¶9} The court therefore adopts in part and rejects in part the special master's R&R of August 9, 2019. The court adopts the special master's recommendations (1) to grant OSU's motion to dismiss Sutelan's claim for production of the name of the uncharged suspect as moot, (2) to find that OSU failed to provide the requested records within a reasonable period of time, (3) to find that OSU erred by contending that the

requested police reports did not include an initial incident report, and (4) to order that Sutelan is entitled to recover the amount of the filing fee of twenty-five dollars and any other costs associated with the action that he has incurred.  The court does not, however, adopt the special master's recommendation to "find that this case involves important issues that are capable of repetition yet evading review and is therefore not moot." (R&R, 23.)

{¶10} Because OSU failed to provide the requested records within a reasonable time in violation of R.C. 149.43(B)(1), in accordance with R.C. 2743.75(F)(3)(b) Sutelan is entitled to recover from OSU the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by him, but Sutelan is not entitled to recover attorney fees.  Court costs are assessed against OSU.  Judgment is rendered in favor of Sutelan.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed September 9, 2019**
**Sent to S.C. Reporter 10/1/19**