[Cite as *Isreal v. Franklin Cty. Commrs.*, 2019-Ohio-4603.]

| | |
|---|---|
| MICHAEL ISREAL | Case No. 2019-00548PQ |
| Requester | Special Master Jeffery W. Clark |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| FRANKLIN COUNTY COMMISSIONERS | |
| Respondent | |

{¶1} Ohio's Public Records Act provides that upon request, a public office "shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1). Ohio courts construe the Act liberally in favor of broad access, with any doubt resolved in favor of disclosure of public records. *State ex rel. Hogan Lovells U.S., L.L.P. v. Dept. of Rehab. & Corr.*, 156 Ohio St.3d 56, 2018-Ohio-5133, 123 N.E.3d 928, ¶ 12. R.C. 2743.75 provides "an expeditious and economical procedure" to resolve public records disputes in the Court of Claims. A claim to enforce the Public Records Act through R.C. 2743.75 must be established by clear and convincing evidence. *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.).

{¶2} On April 24, 2019, requester Michael Isreal filed a complaint pursuant to R.C. 2743.75 alleging denial of access to public records by respondent "Franklin County Commissioners Kevin Boyst [*sic*]" in violation of R.C. 149.43(B). On August 20, 2019, following unsuccessful mediation, respondent filed a motion to dismiss (Response). On September 27, 2019, Isreal filed a reply.

{¶3} The special master must first address multiple documents submitted to the court by requester. On May 21, 2019, the court received Isreal's motion to find respondent in contempt. On August 6, 2019, the court received requester's motion to compel respondent to answer the December 18, 2018 public records request. Because both motions merely restate the relief sought in the complaint, and because respondent

was not subject to discovery or any court order to which a motion to compel or for contempt could apply, the special master hereby denies both motions.

{¶4} On May 13, July 9, September 3, and September 30 of 2019, requester submitted duplicate and additional correspondence related to his public records requests. None of these submissions were authorized by R.C. 2743.75(E)(2), or invited by the court. Nevertheless, the documents are hereby accepted pursuant to Civ.R. 15(E) as supplemental to requester's pleadings, and the special master directs the clerk of courts to mark them as Filed on the case docket.

{¶5} Isreal's complaint seeks to enforce a December 28, 2018 public records request made to the Franklin County Commissioners, seeking the following:

1. Provide the reported malfunctions and people being trapped in elevator (8) in 2018.
2. Provide the dates and time the fire department was called for malfunctions of elevator (8) in 2018.
3. Provide the dates and times the maintenance employees were called for elevator malfunctions in elevator (8) In 2018.
4. Provide the dates and times maintenance employees opened doors for trapped citizens in 2018.
5. Provide the maintenance records for elevator (8) in 2018.

(Complaint at 8.) Isreal made follow-up inquiries for these requests on February 22 and 27 of 2019. (*Id.* at 2, 4-6.) The parties agree that respondent gave Isreal 17 pages of responsive documents on February 8, 2019. (Response, Alexander Aff. at ¶ 4 and first 17 pages of attachments; Motion to Compel at 3.) During litigation, respondent provided two pages of additional documents that Isreal appears to concede complete the production of records responsive to his request. (Response, Alexander Aff. at ¶ 5, last two pages of attachments; Reply at 2.)

**Motion to Dismiss**

{¶6} In order to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the claimant can prove no set of facts warranting relief after all factual allegations of the complaint are presumed true and all

reasonable inferences are made in claimant's favor. *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580, 581, 669 N.E.2d 835 (1996). As long as there is a set of facts consistent with the complaint that would allow the claimant to recover, dismissal for failure to state a claim is not proper. *State ex rel. V.K.B. v. Smith*, 138 Ohio St.3d 84, 2013-Ohio-5477, 3 N.E.3d 1184, ¶ 10.

{¶7} With respect to the claim for production of elevator maintenance and emergency response records, respondent asserts that it has now provided all existing responsive records, and that the claim is thus moot. Isreal appears to agree that the claim for production has been satisfied. In his reply, Isreal does not contest respondent's assertion that all responsive records have been provided, noting only that the complete response to request "number (4) was not provided to Requester Isreal until after this case was filed in the Court of Claims." (Reply at 2.) He does not identify any additional responsive records in respondent's keeping. Isreal does maintain that the production of records was untimely (*Id.*), a separate violation of the Public Records Act.

**Suggestion of Mootness**

{¶8} In an action to enforce R.C. 149.43(B), a public office may produce the requested records prior to the court's decision and thereby render the claim for production moot. *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 18-22. There is no dispute that respondent has now provided Isreal with all responsive records. I therefore find that Isreal's claim for production of records is moot.

**Failure of Timely Production Precludes Mootness**

{¶9} In mandamus, courts will not find a public records action moot if an additional claim remains to be determined. *State ex rel. Cincinnati Enquirer v. Ronan*, 124 Ohio St.3d 17, 2009-Ohio-5947, 918 N.E.2d 515, ¶ 10 (attorney fees). Under the remedy provided by R.C. 2743.75, the Court of Claims may order recovery by the requester of his filing fee and any other costs associated with the action that were

incurred, if it "determines that the public office * * * denied the aggrieved person access to the public records in violation of division (B) of section 149.43 of the Revised Code." R.C. 2743.75(F)(3)(b). The court also assigns court costs based in part on determination of violations.

{¶10} With respect to its initial production of records, respondent delivered 17 pages of documents to Isreal 30 business days after his December 28, 2018 request. Respondent asserts no reasons for delay in identifying, accessing, reviewing, or producing these records. However, requests Nos. 1 through 4 are in the form of requests for information rather than specifically identified records, requiring respondent to conduct research for source records. These requests also required respondent to cull the maintenance and emergency records so located for malfunctions and emergency calls involving only certain types of incidents and response personnel. While 30 business days may stretch the outer limits of the "reasonable period of time" in which to produce copies of reasonably identified records, I find under the facts and circumstances in this case that Isreal has not shown by clear and convincing evidence that respondent violated the timeliness requirement of R.C. 149.43(B)(1) with respect to these records. *See State ex rel. Shaughnessy v. Cleveland*, 149 Ohio St.3d 612, 2016-Ohio-8447, 76 N.E.3d 1171, ¶ 21-22.

{¶11} With respect to the production of additional records on July 15, 2019, respondent argues that it reasonably read request No. 4 – for "the dates and times maintenance employees opened doors for trapped citizens in 2018" – as seeking such records only for elevator (8). (Response at 2.) Given that all the other requests sought records regarding elevator (8), request No. 4 is arguably ambiguous in scope. Had it believed the request to be ambiguous, respondent could have invited revision of request No. 4 to reasonably identify what specific records were sought, R.C. 149.43(B)(2), but it did not.

{¶12} However, even assuming *arguendo* that the scope of request No. 4 was unambiguous, I find the consequences of any error to be *de minimus.* Respondent timely provided the bulk of the responsive records within a reasonable period of time, and promptly produced the two pages of additional records when Isreal clarified (or added to) request No. 4 during mediation. I find that respondent substantially complied with the request overall. The omission of two pages in response to an arguably ambiguous request that was initially answered as to the elevator listed in the rest of Isreal's requests does not warrant the assessment of costs against respondent.

**Conclusion**

{¶13} Upon consideration of the pleadings and attachments, I recommend that the court deny the requester's claim for production of records as moot. I further recommend that the court deny the claim that the responsive records were provided untimely. I further recommend court costs be assessed against the requester.

{¶14} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____
JEFF CLARK
Special Master

Filed October 17, 2019
Sent to S.C. Reporter 11/8/19