[Cite as *Peroli v. Medina Cty. Prosecutor*, 2023-Ohio-1858.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| JUSTIN P. PEROLI | Case No. 2023-00002PQ |
| Requester | Special Master Todd Marti |
| v. | REPORT AND RECOMMENDATION |
| MEDINA COUNTY PROSECUTOR | |
| Respondent | |

{¶1} This matter is before the special master for a R.C. 2743.75(F)(1) report and recommendation. He recommends that Requester's claims be rejected and that Requester bear the costs of this case.

## I. Background.

{¶2} In July of 2022, the Bureau of Criminal Investigation ("BCI") interviewed Matthew Ray in connection with the death of Byron Macron. BCI recorded the interview. A copy of that recording is on file with the court. *Requester's Evidence*, CDR, filed March 27, 2023.

{¶3} On November 30, 2022, Requester Justin Peroli made a public records request for the interview. That request was made to the Medina County Prosecutor, the Respondent in this case ("the Prosecutor"). The Prosecutor responded on December 5, 2022, stating through counsel that his office did not have a copy of the interview. *Complaint* at pp. 2, 3; *Respondent's Evidence*, filed March 24, 2023, at p. 6.[1]

{¶4} That same day the Prosecutor contacted BCI to obtain a copy of the interview. He obtained a copy on January 17, 2023, and provided an unredacted copy to Mr. Peroli on January 27, 2023. *Id.* at pp. 3-4, ¶¶ 4-9; pp. 10, 11, 13, 15.

---

[1] All references to specific pages of matters filed in this case are to pages of the PDF copies posted on the Court's online docket, rather than to any internal pagination of the filings.

{¶5} This case was filed on December 30, 2022.  The undersigned was assigned as special master and, following unsuccessful mediation, set a schedule for the parties to file evidence and memoranda supporting their positions. Those filings have been made and the case is ready for disposition. *Entry*, filed January 6, 2023; *Order Terminating Mediation*, entered March 10, 2023.

## II.　Analysis.

### A.　Requester's claim for production of records is moot.

{¶6} "In general, the provision of requested records to a [requester] in a public-records * * * case renders the * * * claim moot." *State ex rel. Cincinnati Enquirer v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 8. The record requested here is the recording of the Ray interview. Both sides agree that an unredacted copy has been provided to Mr. Peroli, a fact verified by his filing a copy with the Court. *Requester's Evidence*, CDR; *Respondent's Evidence*, p. 4, ¶ 9 and pp. 13, 15. Mr. Peroli's claim for production of the interview is therefore moot.

### B.　Requester's timeliness claim fails.

{¶7} Although Mr. Peroli's claim for production is moot, his claim that the Prosecutor improperly delayed the production of the Ray interview remains alive. *Sutelan v. Ohio State Univ.*, Ct. of Cl. No. 2019-00250PQ, 2019-Ohio-3675, ¶ 21, adopted in relevant part, 2019-Ohio-4026 (McGrath, J.). That claim fails on the merits though.

{¶8} R.C. 149.43(B)(1) mandates that upon request, "all public records responsive to the request shall be promptly *** made available for inspection to the requester at all reasonable times during regular business hours." It further requires that when requested, the "public office *** shall make copies *** available *** within a reasonable period of time." An office's compliance with those requirements is evaluated based on the facts and circumstances of the request. *State ex rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 10; *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 13, 2018-Ohio-5108, 123 N.E.3d 887, ¶ 16.

{¶9} Multiple factors are relevant to a timeliness analysis. The alacrity with which the office initially turns to the request and its diligence after that are always important. *Kesterson*, 156 Ohio St.3d 13, ¶ 17. Logistics are also relevant in some cases; more time

is allowed if the office is required to retrieve records from an off-site location or must enlist many staff members and third parties to respond to the request. *Anderson v. Greater Cleveland Regional Transit Auth.*, Ct. of Cl. No. 2018-00593PQ, 2018-Ohio-3653, ¶ 7, Adopted 2018-Ohio-4596 (McGrath, J.) (off-site records); *Easton Telecom Servs., L.L.C. v. Village of Woodmere*, 8th Dist. Cuyahoga No. 107861, 2019-Ohio-3282, ¶¶ 48, 49 (multiple staffers and third parties). The office is also allowed to time to review the record and analyze redactions or withholding after it has obtained it. *Kesterson*, 156 Ohio St.3d 13, ¶ 16; *State ex rel. Cincinnati Enquirer v. Pike Cty. Coroner's Office*, 153 Ohio St.3d 63, 2017-Ohio-8988, 101 N.E.3d 396, ¶ 59.

{¶10} In this case, 37 working days passed between the date that Mr. Peroli's request was clarified (November 30, 2022) and the date the interview was offered to Mr. Peroli (January 24, 2023). *Complaint* at p. 3; *Respondent's Evidence*, at p. 3, ¶¶ 1, 3; *Id.* at p. 4, ¶ 9 and p. 13. The Special Master finds that was reasonable given the unique facts involved here.

{¶11} The Prosecutor turned to Mr. Peroli's request promptly; his office acknowledged the request and sought clarification within one day of receiving it. *Complaint*, pp. 2-3. It undertook a search and reported the results (that it did not have the interview) three working days later, on December 5, 2022. *Id.* at 3. That same day It began efforts to obtain the interview from BCI. *Respondent's Evidence* at pp. 3, ¶4.

{¶12} Things slowed down after that, but that was in spite of rather than because of the Prosecutor's efforts. BCI only provided the interview after multiple requests from the Prosecutor. *Id* at pp. 3-4, ¶¶ 4-8. That is analogous to having to retrieve off-site records and being required to enlist third parties; they are the sort of "practical and legal restrictions" that can justify an otherwise questionable delay. *Easton Telecom*, 2019-Ohio-3282, ¶ 44.

{¶13} The Prosecutor moved with reasonable speed once BCI finally sent the interview. It was sent to the Prosecutor at the end of the day on January 17. The Prosecutor reviewed it for redactions and made it available on January 24, five working days later. *Respondent's Evidence* at p. 13.

{¶14} In sum, the Prosecutor responded in a reasonable period of time given these unique circumstances. Of the 37 working days involved, 29 were attributable to BCI, rather than the Prosecutor, leaving only eight working days fairly attributable to him. That is reasonable.

{¶15} That is not changed by Mr. Peroli's argument that the Prosecutor had "control" over BCI and the interview recording. As a matter of law, BCI is under the control of the attorney general, not of the local prosecutors it assists. See R.C. 109.51 ("There is hereby created in the office of the attorney general, a bureau of criminal identification and investigation *** The attorney general shall appoint a superintendent of said bureau. The superintendent shall appoint, with the approval of the attorney general, such assistants as are necessary").

{¶16} As a matter of fact, Mr. Peroli has not proven the control he asserts, as was his burden. *Kesterson*, 156 Ohio St.3d 13, ¶ 17. Neither of the portions of the Ray interview cited in Mr. Peroli's memoranda establish that control. Nor does the quote from BCI's website included in those memoranda; it simply states that BCI will help when "requested," that is a far cry from the type of supervisory relationship he suggests. Finally, the fact that it took 29 days and multiple requests to get BCI to provide the interview is hard to square with the proposition that the Prosecutor "controlled" BCI.

I.        **Conclusion**.

{¶17} In light of the foregoing, the Special Master recommends that: Requester's claims be denied and that costs be assessed against Requester.

{¶18} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____

TODD MARTI
Special Master

**Filed May 9, 2023**
**Sent to S.C. Reporter 6/5/23**