[Cite as *McClellan v. Hamby*, 2023-Ohio-2769.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| NATHAN L. MCCLELLAN | Case No. 2023-00345PQ |
| Requester | Special Master Todd Marti |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| ROSSIE HAMBY | |
| Respondent | |

**{¶1}** This matter is before the special master for a R.C. 2743.75(F)(1) report and recommendation. The special master recommends that judgment be entered for Respondent and that costs be assessed against Requester.

## I. Background.

**{¶2}** Requester Nathan McClellan sent a public records request to the Ohio Civil Rights Commission on April 20, 2023. The Commission, through Respondent Rossie Hamby ("the Commission"), acknowledged the request and began collecting responsive records that same day. Mr. McClellan made another public records request to the Commission late in the afternoon of Friday, April 28, 2023. The Commission produced records responsive to Mr. McClellan's requests on May 4, 2023. *Complaint*, filed May 3, 2023, p. 3; *Respondent Rossie Hamby's Response and Motion to Dismiss*, filed June 30, 2023 ("*MTD*"), pp. 9-11, ¶¶ 3-6, 8-12; pp. 12-14, 16, 17.

**{¶3}** Mr. McClellan filed this case on May 3, 2023, nine working days after his first request. The parties were referred to mediation, but that proved unsuccessful. The Commission filed a R.C. 2743.75(E)(2) response to the complaint shortly thereafter. Deadlines were set for Mr. McClellan to file evidence and a memorandum in reply to that response, all of which have passed. *Order Terminating Mediation*, entered July 5, 2023. The case is ripe for decision.

## II. Analysis.

### A. Requester's claim for production is moot.

{¶4} The Commission asserts that Mr. McClellan's claim for production of records is moot. The evidence confirms that assertion.

{¶5} "In general, the provision of requested records to a [requester] in a public-records *** case renders the *** claim moot." *State ex rel. Cincinnati Enquirer v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 8.  A public records case can be mooted by the respondent producing the responsive records during the course of the litigation. *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶¶ 17-18, 22. "A court considering a claim of mootness for a public records request must first determine what records were requested, and then whether any responsive records were provided." *Robinson v. Village of Alexandria*, Ct. of Cl. No. 2017-00808PQ, 2018-Ohio-1581, ¶ 6 adopted 2018-Ohio-171.

{¶6} A respondent asserting mootness must provide evidence that it produced the records at issue. *State ex rel. Strothers v. Keenon*, 2016-Ohio-405, 59 N.E.3d 556, ¶ 40 (8th Dist.); *State ex rel. Conley v. Park*, 5th Dist. Stark No. 2014CA00169, 2016-Ohio-5199, ¶ 17. More specifically, the respondent must come forward with evidence that *all* responsive records were produced. Compare *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶¶ 14, 15 (claim mooted by proof that all responsive documents were produced) with *State ex rel. Ellis v. Cleveland Police Forensic Laboratory*, 157 Ohio St.3d 483, 2019-Ohio-4201, 137 N.E.3d 1171, ¶ 7 (claim not mooted absent evidence that all responsive records were produced). If that showing is made the requester must come forward with evidence that additional responsive records exist that have not been produced. *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 22, 2018-Ohio-5110, 123 N.E.3d 895, ¶ 18; *State ex rel. Ullmann v. Klein*, 160 Ohio St.3d 457, 2020-Ohio-2974, 158 N.E.3d 580, ¶ 12; *State ex rel. Ideastream Pub. Media v. City of Cleveland,* 8th Dist. Cuyahoga No. 110345, 2021-Ohio-2842, ¶ 8.

{¶7} The Commission produced affidavit testimony that all records responsive to Mr. McClellan's requests have been produced without redaction, that Mr. McClellan

received those records in early May, and that as of late June, he had not asserted that additional records exist. *MTD*, pp. 10-11, ¶¶ 8-13. That satisfied the Commission's burden. Mr. McClellan has come forward with nothing to the contrary. The special master therefore recommends that the court find that Mr. McCellan's claim for production of records is moot.

## B. Requester has not proven that Respondent's response to his requests was untimely.

{¶8} Although Mr. McClellan's claim for production is moot, his claim that the Commission improperly delayed the production of responsive records remains alive. *Sutelan v. Ohio State Univ.*, Ct. of Cl. No. 2019-00250PQ, 2019-Ohio-3675, ¶ 21, adopted in relevant part, 2019-Ohio-4026 (McGrath, J.). That claim fails on the merits.

{¶9} R.C. 149.43(B)(1) mandates that upon request, "all public records responsive to the request shall be promptly *** made available for inspection to the requester at all reasonable times during regular business hours." It further requires that when requested, the "public office *** shall make copies *** available *** within a reasonable period of time." An office's compliance with those requirements is evaluated based on the facts and circumstances of the request. *State ex rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 10; *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 13, 2018-Ohio-5108, 123 N.E.3d 887, ¶ 16. The requester has the burden of proving that the office's response was unduly delayed. *Diebert v. Lafferty*, Ct. of Cl. No. 2021-00699PQ, 2022-Ohio-2919, ¶ 28, adopted 2022-Ohio-3052 (Sheeran, J.); *Isreal v. Franklin Cty. Commrs.*, Ct. of Cl. No. 2019-00548PQ, 2019-Ohio-4603, ¶ 10, adopted 2019-Ohio-5497 (McGrath, J.).

{¶10} Multiple factors are relevant to a timeliness analysis. The alacrity with which the office initially turns to the request and its diligence after that are always important. *Kesterson*, 156 Ohio St.3d 13, ¶ 17. The office is allowed time to review responsive records and analyze possible redactions or withholdings. *Kesterson*, 156 Ohio St.3d 13, ¶ 16; *State ex rel. Cincinnati Enquirer v. Pike Cty. Coroner's Office*, 153 Ohio St.3d 63, 2017-Ohio-8988, 101 N.E.3d 396, ¶ 59. The courts also consider decisions in comparable

cases, *Staton v. Village of Timberlake*, Ct. of Cl. No. 2023-00128PQ, 2023-Ohio-1860, ¶ 10, adopted 2023-Ohio-2322 (Sadler, J.).

{¶11} The Commission produced evidence that it started working on Mr. McClellan's requests as soon as they were received. It also explained the extent of the efforts necessary to respond to those requests and still meet its obligation to review responsive records for possible redactions. The overall turnaround time—10 working days—is well within the norm for comparable requests. *Hachten v. Ohio Univ.*, Ct. of Cl. No. 2019-01050PQ, 2020-Ohio-4518, ¶¶ 14, 15, adopted 2020-Ohio-4903 (McGrath, J.); *Peroli v. Medina County Prosecutor*, Ct. of Cl., 2023-00002PQ, 2023-Ohio-1858, ¶ 14, adopted, 2023-Ohio-2320 (Sadler, J.). Mr. McClellan came forward with nothing disputing those points.

{¶12} The special master therefore recommends that the court reject Mr. McClellan's delay claim.

## C. Costs should be assessed against Requester.

{¶13} Costs should be assessed against Mr. McClellan pursuant to R.C. 2743.09(F), and R.C. 2303.20 because he implicitly agreed to pay those costs by filing this case. *Helfrich v. Hall*, 5th Dist. Licking No. 2021 CA 00077, 2022-Ohio-1852, ¶ 25.

## III. Conclusion.

{¶14} In light of the foregoing special master recommends that judgment be entered for Respondent and that costs be assessed against Requester.

{¶15} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

TODD MARTI
Special Master

**Filed July 31, 2023**
**Sent to S.C. Reporter 8/10/23**